IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MARIA DEL CARMEN )
FLORES BELTRAN )
                 )
      Petitioner, )  Criminal No. 1:16-cr-40
v.             )  Civil No. 1:16-cv-1124
               )
UNITED STATES OF AMERICA, )
               )
      Respondent. )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Maria Del
Carmen Flores Beltran's ("Petitioner") Motion to Vacate, Set
Aside, or Correct Sentence under 28 U.S.C. § 2255.
On February 17, 2016, Petitioner pleaded guilty to a criminal
information charging her with one count of using and carrying a
firearm during and in relation to a drug trafficking crime, in
violation of 18 U.S.C. § 924(c)(1)(A), an offense that carries a
five-year mandatory minimum sentence.  On June 6, 2016, this
Court sentenced Petitioner to the mandatory minimum of five
years in prison, followed by two years of supervised release.
Petitioner did not file a direct appeal after she was convicted.

On September 2, 2016, Petitioner filed the instant motion
to vacate her sentence.  Petitioner claims that she is entitled
to relief under Amendment 794, which, as of November 1, 2015,
changed the Commentary to the U.S.S.G. § 3B1.2, which addresses

a defendant's mitigating role in the offense. Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role adjustment. Petitioner argues that she is entitled to a minor or minimal role reduction based on the factors outlined in the Commentary.

Under § 2255, a petitioner may attack her sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion, the petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Petitioner is not entitled to relief under 28 U.S.C. § 2255. In her motion, Petitioner does not claim that her sentence was illegal when imposed, that it was imposed in violation of United States' law, or that any other defects cognizable under § 2255 exist in this case. Instead, she argues that she should receive the retroactive benefit of an amendment to the Sentencing Guidelines. This type of claim cannot be

brought as a § 2255 motion.  Rather, it must be brought as a request for a reduced sentence pursuant to 18 U.S.C. § 3582.

Construing Petitioner's motion as a § 3582 motion, Petitioner cannot receive a reduction in her sentence based on the retroactive application of Amendment 749, because Amendment 749 had already taken effect at the time Petitioner was sentenced.  Amendment 749 took effect on November 1, 2015, and Petitioner was sentenced on June 6, 2016.  When Petitioner's advisory guidelines range was calculated, the 2015 Guidelines Manual was used.  The 2015 Guidelines Manual incorporated Amendment 794.  Thus, when the petitioner was sentenced, § 3B1.2 had already been updated by Amendment 794.  As a result, Petitioner cannot receive a reduction in her sentence.

Moreover, Amendment 794 is not retroactively applicable, so even if Plaintiff had been sentenced before Amendment 794 took effect, her sentence still cannot be reduced.  Sentencing Guidelines § 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than on direct appeal. Amendment 794 is not listed in § 1B1.10, and thus, it is not retroactively applicable.  Because Amendment 794 cannot be applied retroactively on collateral review, Petitioner is not entitled to relief.

3

For the foregoing reasons, this Court finds that Petitioner's request for a sentence reduction pursuant to Amendment 794 must be denied. An appropriate order shall issue.

Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July _6_, 2017